UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------- x

MANUEL CHANG,                                    :
                                                 :
                        Petitioner,              :
                                                 :        **MEMORANDUM &**
        -against-                                :        **ORDER DENYING**
                                                 :        **PETITION FOR WRIT**
C. FLOWERS, WARDEN,                              :        **OF HABEAS CORPUS**
FCI DANBURY                                      :
                                                 :        3:25-CV-01838 (VDO)
                        Respondent.              x
------------------------------------------------------------------

**VERNON D. OLIVER**, United States District Judge:

Petitioner Manuel Chang, a federal inmate, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, ("Petition") challenging the Bureau of Prisons' ("BOP" or "Bureau") application of his First Step Act ("FSA") earned time credits. Petitioner alleges that he is entitled to FSA credits, earned across multiple BOP facilities, since credit is immediately accrued at the commencement of programming in any BOP facility. Petitioner also asserts that a final removal order cannot be the basis for denying him FSA credit because the final removal order, in this case, was filed after he would have been released into a Residential Reentry Center ("RRC") if the BOP had accurately applied his FSA credits. Respondent alleges that, since the Petitioner is subject to a final removal order, served before his maximum release date, Petitioner is not entitled to apply any credit earned. For the reasons described below, the Court agrees with Respondent and **DENIES** the petition for a writ of habeas corpus.

## I.    BACKGROUND

Petitioner was indicted in the United States District Court for the Eastern District of New York ("E.D.N.Y") on December 19, 2018.[1] As a citizen of Mozambique, Petitioner was extradited to the United States on July 12, 2023 for his trial in E.D.N.Y.[2] For purposes of parole into the United States, an immigration detainer (the "Detainer") was issued for Petitioner on the same date, July 12, 2023.[3] After proceedings in E.D.N.Y., Petitioner was sentenced on January 17, 2025, to 102 months of imprisonment, with no term of supervised release.[4] Petitioner's maximum release date is March 26, 2026.[5]

Upon extradition, Petitioner was detained at the Metropolitan Detention Center in Brooklyn, New York ("MDC").[6] After sentencing, Petitioner remained in custody of the Bureau, housed at MDC.[7] Then, after a period of 208 days at MDC, Petitioner was then transferred to the Federal Correctional Institution, Danbury ("FCI Danbury") on August 13, 2025.[8]

While at MDC, Petitioner claims to have participated in two BOP ten-week programming courses; specifically, (1) starting on May 21, 2025, Faith-Based Conflict Management and (2) starting on June 17, 2025, Start Now – Unit 1: My Foundation: Starting

---

[1] Resp. to O.S.C., ECF No. 8 at 1.

[2] Mem in Supp. of Pet., ECF No. 1-1 at 2.

[3] Reply to Gov't Resp. to O.S.C., ECF No. 16 at 3.

[4] ECF No. 1-1 at 1.

[5] *Id.* at 2.

[6] *Id.* at 1.

[7] *Id.*

[8] *Id.*

with Me.[9] Also, while at MDC, Petitioner claims to have started the National Parenting course but was transferred to FCI Danbury before the ultimate completion of the program.[10] Respondent disagrees with Petitioner's retelling of completed programming and FSA course eligibility.[11]

In addition to the Detainer filed at the commencement of Petitioner's proceedings in E.D.N.Y., Department of Homeland Security ("DHS") obtained an expedited final order of removal (the "Removal Order") on December 12, 2025.[12] On December 19, 2025, DHS officers arrived at FCI Danbury for Petitioner to acknowledge receipt of the Removal Order.[13]

Through the submission of a BP-8 form, pursuant to 28 C.F.R. § 542.13(a), Petitioner first notified FCI Danbury prison staff, on October 10, 2025, of FSA time credit being inaccurately calculated and applied.[14] Petitioner asserts that he not received a response from the Bureau regarding his initial FSA credit complaint.[15] Subsequently, on October 30, 2025, Petitioner filed for habeas relief under 28 U.S.C. § 2241(c)(3) before this Court.[16] The Court ordered Respondent to show cause, on November 4, 2025.[17] On December 19, 2025, Respondent filed his response to the order to show cause.[18] Then, on January 2, 2026,

---

[9] *Id.* at 1–2.

[10] *Id.* at 2.

[11] Sur-Reply in Supp. of Resp. to O.S.C., ECF No. 25 at 4–5.

[12] ECF No. 16 at 4.

[13] *Id.*

[14] ECF No. 1 at 3.

[15] *Id.*

[16] *See* ECF No. 1.

[17] *See* O.S.C., ECF No. 6.

[18] *See* ECF No. 8.

Petitioner filed his reply to Government's response to the order to show cause.[19] The Respondent filed a sur-reply on January 14, 2026.[20] Upon motion of the Petitioner, the Court struck this sur-reply as improperly filed on February 11, 2026.[21] Then, upon a motion of the Respondent, the Court permitted him to re-file his sur-reply.[22] Finally, on February 27, 2026, Respondent filed his sur-reply in support of the response to order to show cause.[23]

## II.    <u>LEGAL STANDARD</u>

A federal prisoner may petition the courts for habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Therefore, § 2241 petitions may challenge sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (holding that challenges to the execution of a sentence, including calculation of that sentence, may be brought under § 2241). Specifically, § 2241 is the appropriate avenue to challenge FSA time credit discrepancies. *See Dailey v. Pullen*, No. 3:22-cv-1121 (SRU), 2023 WL 3456696, at *2 (D. Conn. May 15, 2023) (considering a challenge to an FSA credit determination on a § 2241 petition). Ultimately, it is the petitioner who "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in

---

[19] *See* ECF No. 16.

[20] *See* ECF No. 20.

[21] *See* ECF No. 22

[22] *See* ECF No. 23

[23] *See* ECF No. 25.

nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence."

*Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

### III.    <u>DISCUSSION</u>[24]

The FSA credit program motivates federal inmates to participate in evidence-based recidivism reduction programs ("EBRRs") and other productive activities ("PAs") by applying earned time credits to inmates who successfully complete such programs. 18 U.S.C. § 3632(d)(4)(C); 28 C.F.R. § 523.40(b); *See Dailey* WL 3456696, at *4 (D. Conn. May 15, 2023). To move towards reducing recidivism, the nature of the FSA requires the Bureau to establish a system of assessing the risks and needs of inmates enrolled in the program. 18 U.S.C. § 3632. After this Bureau determinative risk assessment, "eligible inmate[s] who successfully participate[] in Evidence–Based Recidivism Reduction (EBRR) Programs or Productive Activities (PAs) that are recommended based on the inmate's risk and needs assessment may earn FSA Time Credits to be applied toward prerelease custody or early transfer to supervised release under 18 U.S.C. 3624(g)." 28 C.F.R. § 523.40(b). An inmate will accrue 10 days of earned time credits for every 30 days of "successful participation" in EBRRs and PAs. 18 U.S.C.A. § 3632 (d)(4)(A)(i). After continual monitoring through additional risk

---

[24] As a threshold issue, although Petitioner has an outstanding administrative BP-8 form pending within BOP, the Court agrees with Petitioner that he should be excused from exhausting administrative remedies because doing so would futile. *See Mateo v. Warden, FCI Danbury,* No. 3:25-CV-00814 (VAB), 2025 WL 2625263, at *3 (D. Conn. Sept. 11, 2025) (finding that courts have latitudinal authority in determining exhaustion of administrative process). Here, BOP already determined the FSA credit at issue, and to send Petitioner back to that administrative agency would be futile. (Resp't's Sur-Reply in Supp. of Resp. to O.S.C., Exhibit 1, ECF No. 25-1 at 1–2). *See Freeman v. Pullen,* 658 F. Supp. 3d 53, 60 (D. Conn. 2023) (holding that futility may exist when the agency has already determined the issue). Additionally, the issue of administrative futility before this Court is unchallenged by Respondent.

assessments, inmates who demonstrate a "low" risk can earn an additional 5 days of [earned time credits] every 30 days of such "successful participation." 18 U.S.C. § 3632 (d)(4)(A)(ii).

Even though FSA earned time credits can be earned by a federal inmate, these credits are not automatically applied. *See* 18 U.S.C. § 3632(d)(4)(D). Specifically, inmates subject to deportation are ineligible to apply time credit "if the prisoner is the subject of a final order of removal under any provisions of [] immigration law[.]" 18 U.S.C. § 3632(d)(4)(E)(i). Courts have consistently held that inmates who are subject to a final immigration order of removal are not eligible to apply FSA credit. *See Churuk v. Warden*, *FCI Danbury Bureau of Prisons*, No. 24-CV-01306 (VDO), 2024 WL 4695839 at *2 (D. Conn. Oct. 21, 2024) (finding that under the FSA, "regardless of circumstances[,]" inmates subjected to a final removal order are statutorily ineligible to apply earned time credits); *Flete-Garcia v. Stover*, No. 23-CV-00746 (KAD), 2023 WL 8435854 at *2 (D. Conn. Nov. 29, 2023) (Petitioner is statutorily ineligible to apply earned time credits "even if eligible to earn FSA time credits[.]"); *Cheng v. United States*, 132 F.4th 655, 659 (2d. Cir. 2025) (holding that noncitizens with final orders of removal are not eligible for earned time credits).

Petitioner argues the Removal Ordercannot serve as the Government's authority to deny the application of his FSA credits because it was issued on December 12, 2025—which is after the period in which Petitioner would have been placed in an RRC if the BOP had applied his FSA credits.[25] In response, Respondent rightfully asserts that the Removal Order can serve as a basis for the denial of application of FSA credits because Petitioner incorrectly

---

[25] ECF No. 16 at 7. Petitioner does not challenge the validity of the Removal Order or that he is subject to removal. *See generally id.*

6

calculated the amount of FSA credits he had, and therefore, the Removal Order was served before any possible release to an RRC.[26]

As Respondent explains in its sur-reply, the Bureau's records demonstrate that Petitioner was entitled to no more than 85 days of earned time credits under the FSA, not the 105 days he claims.[27] Respondent's calculation relies on BOP records documenting the programming Petitioner completed during his incarceration and the credits awarded for those programs.[28] Petitioner, by contrast, identifies multiple courses and approximate start dates but provides no documentation confirming completion of those programs or establishing that they qualified for FSA credit as an EBRR or PA.[29] Specifically, Petitioner alleges that he earned a total of 105 days of FSA time credit.[30]

Based on this record, the Court agrees with Respondent and finds that Petitioner earned, at most, 85 days of FSA time credits. Petitioner bears the burden of demonstrating entitlement to the additional credits, but he has not provided substantial evidence supporting that claim. *See Skaftouros*, 667 F.3d at 158 (holding the burden of proof is on the Petitioner in a habeas proceeding); *see also Churuk* 2024 WL 4695839 *2 (holding that petitioner "has not met his burden" since subject to a final order of removal; *Gardner v. Warden, FCI Danbury*, No. 24-CV-1274 (OAW), 2024 WL 4443748, at *2 (D. Conn. Sept. 11, 2024) (holding that "[p]etitioner has not met her burden[,] referring to FSA earned time credit calculations).

---

[26] ECF No. 25 at 2–8.

[27] *Id* at 4–5; *see also* Ex. 1 to Sur-Reply, ECF No. 25-1at 1–2) (showing BOP records of FSA time credit assessment and completed course history).

[28] *Id*.

[29] ECF No. 1 at 1–2.

[30] ECF No. 16 at 3.

The dispositive issue is whether Petitioner may apply earned time credits despite being subject to a final order of removal. The Court concludes that he may not. Even assuming Petitioner were otherwise eligible to apply those earned time credits toward prerelease custody, the application of 85 days of FSA credits would have resulted in transfer to an RRC no earlier than December 31, 2025.[31] By that time, however, Petitioner was already subject to the Removal Order, as the Removal Order was issued on December 12, 2025,[32] and Petitioner was served with that order on December 19, 2025[33]—before his possible RRC transfer date of December 31, 2025,[34] and well before his maximum release date of March 26, 2026.[35] Because Petitioner was subject to a final order of removal while still in Bureau custody, he is statutorily ineligible to apply any earned time credits toward prerelease custody. 18 U.S.C. § 3632(d)(4)(E)(i). *See, e.g*, *Churuk*, 2024 WL 4695839, at *2 (prisoners subject to a final removal order are ineligible to apply FSA credit); *Flete-Garcia*, 2023 WL 8435854, at *2 (same); *Cheng*, 132 F.4th at 659 (same).  Thus, even assuming Petitioner successfully completed qualifying programming and accrued earned time credits, those credits cannot be applied under the plain language of the statute.[36]

---

[31] ECF No. 25 at 7–8. The Respondent asserts that the application of 85 days of FSA credits would have resulted in a release date of December 28, 2025. By the Court's calculation, this date is December 31, 2025. This discrepancy is not material, as the Removal Order was issued and served well in advance of either of these dates.

[32] ECF No 8 at 3 (execution of Removal Order on December 12, 2025, notice to Petitioner on December 19, 2025).

[33] ECF No 16 at 4.

[34] ECF No. 25 at 8.

[35] ECF No. 1 at 2.

[36] The Court declines to address Petitioner's other arguments, as the dispositive issue is whether Petitioner may apply earned time credits despite being subject to the Removal Order.

As Petitioner is statutorily ineligible to earn FSA credits because he is subject to a final order of removal, he has not met his burden, by a preponderance of the evidence, of "proving that he is being held contrary to law[.]" *See Skaftouros*, 667 F.3d at 158.

## IV.     **CONCLUSION**

For the reasons set forth above, the Petition is **DENIED**. The Clerk of Court is respectfully directed to close this case and enter judgment in favor of Respondent.

**SO ORDERED.**

Hartford, Connecticut
March 20, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

9
